**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4194**

_____

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

JOSE GALVIN VAZQUEZ,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:11-cr-00248-TDS-1)

_____

Submitted:  December 20, 2012     Decided:  January 31, 2013

_____

Before KING, DIAZ, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen III, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant.  Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Galvin Vazquez appeals the nineteen-month sentence imposed following his guilty plea to possession of a firearm as an illegal alien, in violation of 18 U.S.C. § 922(g)(5) (2006). Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court imposed a substantively unreasonable sentence. Vazquez was notified of his right to file a pro se supplemental brief but has not done so. We affirm.[*]

We review a sentence imposed by a district court for reasonableness. Gall v. United States, 552 U.S. 38, 46, 51 (2007). We must first ensure that the district court committed no "significant procedural error," including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2006) factors, and inadequate explanation of the sentence imposed. Gall, 552 U.S. at 51. If the sentence is procedurally reasonable, we must examine the substantive reasonableness of the sentence under the totality of

_____

[*] We placed this appeal in abeyance pending our decision in United States v. Carpio-Leon, __ F.3d __, 2012 WL 6217606 (4th Cir. Dec. 14, 2012) (No. 11-5063) (rejecting Second and Fifth Amendment challenges to § 922(g)(5)). We have reviewed Carpio-Leon and conclude that it provides no potentially meritorious challenge to Vazquez's conviction.

2

the circumstances.  Id.  We have carefully reviewed the record and conclude that Vazquez's sentence is free of significant procedural error.  We further conclude that Vazquez cannot rebut the presumption of reasonableness accorded his within-Guidelines sentence.  See United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010); United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment.  This court requires that counsel inform Vazquez, in writing, of the right to petition the Supreme Court of the United States for further review.  If Vazquez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Vazquez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3